UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| James McCarthy, Individually and for Others Similarly Situation, <br><br>Plaintiff <br><br>v. <br><br>Medicus Healthcare Solutions, LLC, <br><br>Defendant. | Case No. _____ <br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

## SUMMARY

1. Plaintiff James McCarthy brings this lawsuit to recover unpaid overtime wages and other damages from Medicus Healthcare Solutions, LLC (Medicus) under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), *et. seq.*

2. McCarthy worked for Medicus as a physician recruiter.

3. McCarthy and other similarly situated physician recruiters were paid a salary with no overtime compensation when working more than 40 hours a week.

4. Medicus' pay practice violates the FLSA because it paid non-exempt employees a salary with no overtime.

5. While Medicus did pay overtime on occasion, it had to be approved by Medicus' management.

6. McCarthy brings this lawsuit to recover the unpaid overtime and other damages Medicus owes to him and to the other recruiters like him.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b), because this Action involves a federal question under the FLSA.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Medicus' headquarters and principal office is in this District.

9. McCarthy worked for Medicus in this District.

## PARTIES

10. McCarthy was employed by Medicus as a physician recruiter from September 2017 until November 2018.

11. He regularly worked in excess of 40 hours a week without receiving overtime pay.

12. His written consent is attached as Exhibit A.

13. McCarthy brings this action on behalf of himself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as McCarthy and is properly defined as:

> **All salaried recruiters employed by Medicus during the past 3 years.**
> (the "Putative Class Members").

14. The members of the Putative Class are easily ascertainable from Medicus' business and personnel records.

15. Medicus is covered by the FLSA and has been during the applicable statute of limitations. Medicus is, therefore, obligated to pay its non-exempt employees overtime under the FLSA.

16. Medicus is a New Hampshire Limited Liability Company with its principal corporate office in Windham, New Hampshire. Medicus does business throughout the United States. Medicus

may be served through its registered agent: Joseph Matarese, 22 Roulston Road, Windham, NH, 03087.

## COVERAGE UNDER THE FLSA

17.   At all relevant times, Medicus was an employer within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

18.   At all relevant times, Medicus was an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

19.   At all relevant times, Medicus was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, equipment, walkie-talkies, and computers - that have been moved in or produced for commerce.

20.   At all relevant times, Medicus has had and has an annual gross volume of sales made or business done of not less than $1,000,000.00.

21.   At all times hereinafter mentioned, McCarthy and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

22.   Medicus provides nationwide physician recruitment, medical staffing solutions, and locum tenen's staffing.

23.   To complete its business objectives, Medicus employs recruiters to find and place physicians and advanced practitioners throughout the country.

24.   McCarthy was a physician recruiter.

25. As a recruiter, McCarthy's primary job duties included calling, emailing, and reaching out to physicians and giving them the opportunity to work additional shifts on their off time at hospitals that were short staffed.

26. McCarthy would screen applicants and refer them to hiring hospitals' representatives who would ultimately decide whether to hire the physician.

27. The screening and recruiting process was routine and largely governed by standardized plans and checklists created by Medicus.

28. All of Medicus' recruiters perform substantially similar screening processes using forms and checklists developed by McCarthy.

29. Every element of a recruiter's job was predetermined by Medicus, including the schedule of their work and related work duties.

30. No advanced degree is required to become a recruiter for Medicus.

31. To the extent these recruiters make "decisions," the decisions do not require the exercise of independent discretion and judgment.

32. Instead, Medicus' recruiters apply well-established procedures.

33. When recruiters perform their work, they do so use established guidelines and predetermined parameters.

34. Recruiters are not permitted to deviate from established guidelines.

35. Recruiters attended mandatory meetings and workshops which outlined their duties.

36. With these job duties, recruiters are clearly **non-exempt** under the FLSA.

37. All of Medicus' recruiters work long hours in excess of 40 hours a week.

38. Medicus' recruiters were required to regularly work 10 or more hours in a day and five days a week.

39. Medicus does not pay its recruiters overtime for hours worked in excess of 40 in a workweek unless it was approved by Medicus' upper management.

40. Medicus would pay McCarthy and the Putative Class Members overtime on approved projects.

41. Overtime pay was project dependent for McCarthy and the Putative Class Members.

42. Instead of consistently paying overtime to these non-exempt recruiters, Medicus pays them a base salary.

43. McCarthy and the Putative Class Members worked for Medicus as recruiters over the past three years throughout the country.

44. McCarthy worked for Medicus in New Hampshire.

45. As a result of Medicus' pay policies, McCarthy and the Putative Class Members were denied the overtime pay required by federal law.

46. Medicus keeps accurate records of the hours its recruiters work.

47. It also keeps accurate records of the amount of pay recruiters receive.

48. Despite knowing the FLSA's requirements and that its recruiters regularly worked more than 40 hours in a workweek, Medicus does not pay them overtime without prior approval.

## COLLECTIVE ACTION ALLEGATIONS

49. McCarthy incorporates all previous paragraphs and alleges that the illegal pay practices Medicus imposed on McCarthy were likewise imposed on the Putative Class Members.

50. In addition to McCarthy, Medicus employed other recruiters who worked over 40 hours per week with no overtime pay, were paid a salary, and were improperly classified as exempt employees.  These Putative Class Members performed the same job duties described above and they were subjected to the same unlawful policies which constitute a willful violation of the FLSA.

51. The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. McCarthy and the Putative Class Members are similarly situated in all relevant respects.

52. Medicus imposed a uniform practice or policy on McCarthy and the Putative Class Members who all performed the same or similar job duties.

53. Medicus' failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

54. McCarthy's experiences are typical of the experiences of all Putative Class Members.

55. McCarthy has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, McCarthy has an interest in obtaining the unpaid overtime wages owed under federal law.

56. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**FLSA VIOLATIONS**

58. McCarthy incorporates the preceding paragraphs by reference.

59. As set forth herein, Medicus violated the FLSA by failing to pay McCarthy and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. §207(a).

60. At all relevant times, Medicus has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

61. Medicus employed McCarthy and each Putative Class Member.

62. Medicus' pay policy denied McCarthy and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

63. Medicus owes McCarthy and the Putative Class Members overtime wages equal to 1 and 1/2 their regular rates for each overtime hour worked during the last three years.

64. Medicus knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to McCarthy and the Putative Class Members is willful.

65. Due to Medicus' FLSA violation, McCarthy and the Putative Class Members are entitled to recover from Medicus their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

66. The improper pay practices at issue were part of a continuing course of conduct, entitling McCarthy and Putative Class Members to recover for all such violations, regardless of the date they occurred.

## **PRAYER**

WHEREFORE, McCarthy prays for:

A. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. §216(b);

B. An order finding Medicus liable for violation of federal wage laws with respect to McCarthy and all Putative Class Members covered by this case;

C. A judgment against Medicus awarding McCarthy and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

D. An order awarding attorney fees, costs, and expenses;

E. Pre- and post-judgment interest at the highest applicable rates; and

F. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

JAMES MCCARTHY, Plaintiff

By His Attorneys:

UPTON & HATFIELD LLP

Date: August 12, 2021   By:  /s/ Heather M. Burns
Heather M. Burns (NHBA #8799)
Russell F. Hilliard (NHBA #1159)
Brooke Lovett Shilo (NHBA #20794)
10 Centre Street
Concord, NH 03301
(603) 224-7791
hburns@uptonhatfield.com
rhilliard@uptonhatfield.com
bshilo@uptonhatfield.com