UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

James McCarthy

    v.                                                                              Civil No. 1:21-cv-668-JL
                                                                                Opinion No. 2022 DNH 048

Medicus Healthcare Solutions, LLC

## **MEMORANDUM ORDER**

In this putative Fair Labor Standards Act collective action, resolution of defendant's motion to dismiss hinges on whether the named plaintiff has pled sufficient factual allegations that, if accepted as true, would show a willful violation of the statute. Plaintiff James McCarthy worked until November 2018 as a physician recruiter for Defendant Medicus Healthcare Solutions, LLC. He alleges that Medicus willfully failed to pay him overtime wages under the FLSA and brought suit in 2021 on behalf of a proposed collective of his fellow physician recruiters. This court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b).

Medicus moves to dismiss, arguing that McCarthy's complaint alleges insufficient facts to trigger the FLSA's extended three-year statute of limitations and is therefore untimely. After consideration of the parties' submissions and hearing oral argument, the court denies the motion. Under even the pleading standard advanced by Medicus – which demands that a plaintiff plead with specificity facts giving rise to a willful violation of the FLSA in order to obtain the benefit of the longer limitations period – McCarthy has alleged enough facts for the court to reasonably infer that Medicus knowingly violated the statute. McCarthy is therefore entitled to the three-year statute of limitations and his claim, as plead, is timely.

I.      **Applicable legal standard**

To defeat a Rule 12(b)(6) motion to dismiss, McCarthy must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015). In ruling on such a motion, the court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in McCarthy's favor. See Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The court may also consider judicially noticed documents, matters of public record, documents central to McCarthy's claim or sufficiently referred to in the complaint, and documents introduced by McCarthy in his objection to the motion to dismiss or concessions in that objection, without converting the 12(b)(6) motion into a motion for summary judgment. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

II.     **Background**

The court recites the relevant factual background from McCarthy's First Amended Complaint.[1] Medicus is a New Hampshire limited liability company based in Windham, New Hampshire.[2] It provides nationwide physician recruitment and placement services, medical staffing solutions, "locum tenens" staffing services, and other consulting services to healthcare organizations and providers.[3] To carry out some of these services, Medicus employs physician

---

[1] Doc. no. 17.

[2] Id. at ¶ 17.

[3] Id. at ¶ 23. Locum tenens providers "temporarily fulfill the duties of other practitioners, assisting a hospital or practice that is short-staffed." See "What is Locum Tenens?", available at https://www.medicushcs.com/why-locum-tenens/ (last accessed March 25, 2022).

2

recruiters.[4]  McCarthy was a physician recruiter for Medicus from September 2017 to November 2018.[5]  Medicus determined every element of a physician recruiter's job, including the work schedule, procedures to use, scripts for recruiting calls, templates for emails, and other associated work duties.[6]  Recruiters like McCarthy also performed their work according to "well-established procedures," "established guidelines and predetermined parameters" set by Medicus.[7]

Medicus classified McCarthy as a "non-exempt"[8] employee under the FLSA and paid him a salary.[9]  Medicus required McCarthy to regularly work over 40 hours a week and knew that his work as a recruiter required him to work over 40 hours in a workweek.[10]  It paid him some overtime pay for "approved" projects or work; however, McCarthy worked additional hours in excess of 40 hours a week for which Medicus did not provide overtime pay.[11]  By classifying McCarthy and other recruiters as non-exempt, Medicus knew that under the FLSA, it needed to pay such non-exempt employees overtime wages.[12]  Medicus also knew that aside from the approved overtime pay, McCarthy and other recruiters were working over 40 hours a

---

[4] Doc. no. 17 at ¶ 24.

[5] Id. at ¶¶ 2, 10, at 25.

[6] Id. at ¶ 31.

[7] Id. at ¶¶ 33-35.

[8] The FLSA and its implementing regulations provide that certain categories of employees are "exempt" from the statute's overtime pay requirements.  See, e.g., 29 U.S.C. § 213; 29 C.F.R. § 541, et seq.  McCarthy is not alleging that Medicus misclassified him as a non-exempt employee.

[9] Id. at ¶¶ 3, 26.

[10] Id. at ¶¶ 11-12, 81.  McCarthy further alleges that the Medicus' "recruiters were required to regularly work 10 or more hours in a day and five days a week."  Id. at ¶ 42.

[11] Id. at ¶¶ 11, 44, 50-52.

[12] Id. at ¶¶ 39-40, 49.

week and not receiving overtime pay for that work.[13]  Medicus required McCarthy to document approved overtime work and pay, and Medicus kept accurate records of this work and pay.[14]  But Medicus did not document the "off the clock" hours McCarthy and other recruiters worked.[15]

McCarthy signed a FLSA "Employment Services Consent" form on August 9, 2021[16] and filed suit in this court on August 12, 2021.[17]  Prior to answering the complaint, Medicus moved to dismiss the original complaint on statute of limitations grounds.[18]  McCarthy then filed his First Amended Complaint as of right on November 9, 2021 and the court denied Medicus' motion to dismiss without prejudice under Local Rule 15.1(c).[19]  The present motion to dismiss followed soon thereafter.

### III.  Analysis

Medicus argues that to trigger the FLSA's three-year limitations period, a plaintiff must "plausibly plead willfulness"; that is, allege specific facts in his complaint that if accepted as true, or eventually proven as true, would demonstrate a willful violation of the FLSA.[20]  It further argues that McCarthy's complaint fails to meet that standard.  McCarthy counters that a

---

[13] Id. at ¶¶ 53-54.

[14] Id. at ¶¶ 62-64.

[15] Id. at ¶¶ 56, 63.

[16] See doc. no. 1-1.

[17] See doc. no. 1.

[18] See doc. no. 15.

[19] See doc. no. 17; Court's Endorsed Order dated November 10, 2021.

[20] Medicus' Reply (doc. no. 21) at 2.

more-lenient pleading standard applies, but contends that under any standard, he has alleged sufficient facts to support a willful violation of the statute. As explained below, the court agrees with McCarthy's latter point.

### A.     Statute of limitations

Under the FLSA's limitations provision, a plaintiff must file an unpaid overtime action "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).[21] A willful violation of the FLSA is one in which "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); see also Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668, 679-80, n. 14 (1st Cir. 1998) (applying Richland Shoe willfulness standard). Because McCarthy last worked for Medicus in November 2018 and did not file suit until 2021, his cause of action must arise out of a willful violation of the FLSA for it to be timely.

The parties dispute the level of pleading detail required to show a willful violation of the statute. Neither the Supreme Court of the United States nor the First Circuit Court of Appeals has spoken on this direct issue, and there is a split among the other Courts of Appeal. Medicus argues that decisions from the Second and Sixth Circuit Courts of Appeal support its position that FLSA plaintiffs must allege with specificity facts giving rise to a willful violation. See, e.g.,

---

[21] A "cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b). The parties appear to agree that McCarthy's claim accrued in November 2018.

Whiteside v. Hover-Davis, Inc., 995 F.3d 315 (2d Cir. 2021).[22]  McCarthy, relying on decisions from the Tenth Circuit Court of Appeals and the District of Massachusetts, argues that a less-stringent pleading standard applies.  See, e.g., Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018); Bah v. Enter. Rent-A-Car Co. of Bos., LLC, No. 17-12542-MLW, 2021 WL 3932274, at *3 (D. Mass. Sept. 2, 2021) (Wolf, J.).  The court need not decide which pleading standard applies because even under a stricter standard, McCarthy has alleged sufficient facts to permit the reasonable inference that Medicus willfully violated the FLSA.[23]

### B. Plaintiff's allegations

Turning to the allegations in McCarthy's First Amended Complaint, Medicus characterizes those supporting his willful violation argument as "conclusory."  While Medicus is correct that the Rule 12(b)(6) pleading standard "demands that a party do more than suggest in

---

[22] Medicus also argues that Judge Barbadoro's decision in Chesley v. DIRECTV, Inc. supports the imposition of a more-stringent pleading standard.  That decision, however, says nothing about the applicable pleading standard for willful violations of the FLSA.  Judge Barbadoro merely ruled that "for the three-year limitations period to apply, [the plaintiffs] must allege that [the defendant] either knew, or showed reckless disregard for whether its conduct was unlawful under the FLSA."  Chesley v. DIRECTV, Inc., No. 14-CV-468-PB, 2015 WL 3549129, at *7 (D.N.H. June 8, 2015).  In Chesley, the plaintiffs' only allegation as to willfulness – that the defendants adopted a "fissured employment scheme" in an attempt to avoid the FLSA – was insufficient to meet the Richland Shoe willfulness standard.  Id.

[23] The court observes, however, that it is bound to apply First Circuit law, and while the First Circuit has not addressed this precise issue, it applies an exacting standard to motions to dismiss based on statutes of limitations and other timeliness defenses.  See Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006) ("Dismissing a case under Rule 12(b)(6) on the basis of an affirmative defense requires that '(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude.'") (quoting Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004)); Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (noting that a motion to dismiss based on the statute of limitations can only be successful when "the pleader's allegations leave no doubt that an asserted claim is time-barred")  (internal quotation marks omitted).  Had the court been required to choose between the two pleading standards advanced by the parties, these considerations would have factored into its analysis.

6

conclusory terms the existence of questions of fact about the elements of a claim," McCarthy has done more here.  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013); see also Chesley, 2015 WL 3549129, at *6.

Medicus focuses on paragraph 84 of McCarthy's complaint, where he concludes that "Medicus knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA."[24]  Had this been the only allegation of willfulness in the complaint, this motion would have been a closer call.  Several specific factual allegations, however, including additional allegations in the same paragraph, buttress the inference of willfulness.  For example, McCarthy adds the following allegation to paragraph 84:  Medicus' "failure to pay overtime to McCarthy and the Putative Class Members is willful because it knew McCarthy and the Putative Class Members were non-exempt, knew they would work over 40 hours in workweeks, but would not pay them overtime."[25]  Accepting this allegation as true, and drawing all inferences from it in McCarthy's favor, as the court must at this stage, it establishes Medicus' knowing violation of the FLSA's overtime requirements for non-exempt workers.

Other factual allegations further support the inference of a willful violation of the statute and are sufficient at the pleadings stage to trigger the three-year statute of limitations.  For example, McCarthy alleges that his former employer determined, controlled, and had knowledge of nearly all aspects of his job, including his work schedule.  He also alleges that Medicus was aware of the hours its physician recruiters worked, including undocumented hours that exceeded the 40-hour-per-week limit, and that it knew McCarthy's job requirements often required him to work over 40 hours per week.  He further alleges that Medicus was aware of its obligation to pay

---

[24] Doc. no. 17, at 8.

[25] Id.

overtime to non-exempt employees under the FLSA and nonetheless failed to comply with the statute. The court could also reasonably infer from McCarthy's allegations about Medicus that a company of its size and stature, with a national presence, would have knowledge of its obligations under the FLSA.[26] See Lagasse v. Flextronics Am., LLC, No. CA 11-445 ML, 2012 WL 2357442, at *2 (D.R.I. June 1, 2012), report and recommendation adopted, No. CA 11-445 ML, 2012 WL 2357641 (D.R.I. June 20, 2012) (employer's "financial capacity to obtain competent legal advice regarding FLSA compliance" one of several factors supporting sufficiently plead willful violation).

Medicus makes much of McCarthy's allegation that it "keeps accurate records of the hours its recruiters work." It argues that McCarthy cannot square this allegation with his allegation that Medicus knew he performed off-the-clock overtime work and did not pay him for it.[27] The court disagrees. These two allegations are not mutually exclusive. Medicus can fail to pay overtime and still maintain "accurate" time and hour records. In that scenario, the records may be accurate, but incomplete. See Gonpo v. Sonam's Stonewalls & Art LLC, No. 16-40138-MGM, 2018 WL 1725695, at *9 (D. Mass. Apr. 9, 2018) (finding allegations that defendants failed to keep "full" records of hours worked and underreported hours on pay slips, in addition to other allegations, sufficient to show willfulness and defeat employer's motion to dismiss). Importantly, McCarthy alleges that Medicus only allowed him to document approved overtime, giving rise to an inference that Medicus was manipulating its wage reporting and recordkeeping practices and omitting some hours worked.[28] See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 35 (1st

---

[26] Defendant does not contest that it is a covered employer under the FLSA.

[27] Doc. no. 21, at 5.

[28] Doc. no. 17, at ¶ 63.

Cir. 2007) (concluding that an employer's "failure to keep adequate payroll records," "intentional manipulation of [its] records," and the practice of paying employees "off the books" could be "sufficient grounds" for a finding of willfulness). In other words, the court could draw the reasonable inference from McCarthy's allegations that Medicus chose not to record the additional, "unapproved" overtime work in order to avoid paying McCarthy and other recruiters overtime for that work. Medicus misinterprets these allegations by repeatedly labeling them "conclusory."[29]

Furthermore, Medicus' attempt to analogize this case to Chesley falls short of the mark. In Chesley, Judge Barbadoro found the plaintiffs' willfulness allegations wanting because their "only allegation" was "that the defendants' adoption of a 'fissured employment' scheme [was] an attempt to avoid the FLSA." 2015 WL 3549129, at *7. But the plaintiffs conceded that such a scheme was not unlawful under the FLSA and the reasonable inference from that allegation was that the defendants were trying not to violate the statute. Medicus argues that these allegations "were more specific than" McCarthy's here, which is plainly incorrect. As noted in the examples above, McCarthy alleges ample facts that, at a minimum, give rise to a knowing

---

[29] Medicus faults McCarthy for not alleging any instances in which he requested overtime pay and Medicus denied his request. But even if this was a required element of proof for a FLSA unpaid overtime claim (it is not), "that level of [pleading] detail is unnecessary at this stage." Chesley, 2015 WL 3549129, at *6 (citing Davis v. Abington Mem. Hosp., 765 F.3d 236, 243 (3d Cir.2014) ("[W]e do not hold that a plaintiff must identify the exact dates and times that she worked overtime."); see also Acosta v. Quality Granite & Cabinetry, LLC, No. 18-CV-274-JD, 2018 WL 4762260, at *3 (D.N.H. Oct. 2, 2018) (DiClerico, J.) ("If the complaint sets out facts showing that, for example, 'defendants' pay practices continuously required' employees to work overtime without the required premium pay, then the court may be able to make a reasonable inference that the employees performed uncompensated work." (quoting Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 46-47 (1st Cir. 2013)).

9

violation of the statute.[30]  Cf. Scarnici v. Town of Pittsburg, No. 17-CV-182-PB, 2018 WL 5257626, at *6 (D.N.H. Oct. 22, 2018) (Barbadoro, J.) (conversation between employees about "whether not paying on an hourly basis for the police academy was allowed or not" did not show that the employer recklessly disregarded the possibility that it was violating the statute or a knowing violation of the statute).

Finally, Medicus argues that out-of-circuit cases support dismissal of McCarthy's claim. See Mem. of Law in Supp. of Mot. to Dismiss (doc. no. 18-1) at 9-10 (collecting cases).  These cases are not binding on this court, and they are distinguishable for several reasons.  For example, in all of the cases, the allegations of willfulness consisted of merely parroting the legal standard, one or two conclusory sentences, or the use of the word "willful."  As discussed above, McCarthy's complaint contains detailed factual allegations supporting his conclusion that Medicus willfully violated the FLSA.  Moreover, in many of the cases, the court either dismissed the claims without prejudice or with leave to amend.

District courts within the First Circuit have also found conclusory and less-detailed allegations of willfulness sufficient at the pleadings stage.  See, e.g., Figueroa v. Cactus Mexican Grill LLC, No. CV 21-10445-FDS, 2021 WL 5868277, at *4 (D. Mass. Dec. 10, 2021) (Saylor, J.) (allegations that defendants' violations of the FLSA were "repeated, willful, and intentional," defendants failed to pay overtime wages and paid plaintiff "via regular payroll for 29 hours each week, and paid her in cash for the remaining hours," and defendants threatened to fire her if she participated in the DOL investigation were "sufficient to survive a motion to dismiss"); Bah v. Enter. Rent-A-Car Co. of Bos., LLC, No. CV 17-12542-MLW, 2020 WL 6701324, at *12 (D.

---

[30] Contrary to Medicus' argument in its briefing, McCarthy's allegations of a willful violation of the statute go beyond simply alleging an unlawful pay policy.

Mass. Nov. 13, 2020) (Wolf, J.) (purely conclusory allegation of willfulness was enough at the pleadings stage). The cases cited by Medicus do not persuade the court that McCarthy has alleged insufficient facts to support a finding that Medicus willfully violated the FLSA. The three-year statute of limitations therefore applies, and McCarthy's claim is timely under that statute.

### IV.   Conclusion

For these reasons and the reasons set forth above, the defendant's motion to dismiss[31] is DENIED.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated: April 4, 2022

cc:   Andrew W. Dunlap, Esq.
     Brooke Lois Lovett Shilo, Esq.
     Richard Mark Schreiber, Esq.
     Russell F. Hilliard, Esq.
     Heather M. Burns, Esq.
     James P. Harris, Esq.
     John-Mark Harris, Esq.
     Kenneth W. Gage, Esq.

---

[31] Doc. no. 18.